**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GOENAWAN BOEDIJONO; MEYKE MARGARETHA, | No. 09-72016 |
| Petitioners, | Agency Nos.  A096-362-468 |
| | A099-887-499 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Goenawan Boedijono and Meyke Margaretha, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d

1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition

for review.

Petitioners do not challenge the agency's finding that they failed to

demonstrate past persecution. Substantial evidence supports the BIA's finding that

petitioners lack a well-founded fear of future persecution because, even as

members of disfavored groups as ethnic Chinese Indonesians and Christians, they

failed to establish that they face an individualized risk of harm. *See Halim v.*

*Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Lolong v. Gonzales*, 484 F.3d 1173,

1181 (9th Cir. 2007) (en banc) (petitioner's fears might be "shared by millions of

ethnic Chinese Christians in Indonesia."). Accordingly, petitioners' asylum claims

fail. We lack jurisdiction to review petitioners' unexhausted contention that they

will be targeted for persecution because they are Westernized. *See Barron v.*

*Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Because petitioners failed to meet the lower burden of proof for asylum, it

follows that they have not met the higher standard for withholding of removal. *See*

*Zehatye*, 453 F.3d at 1190.

Finally, the record does not compel the conclusion it is more likely than not that petitioners will be tortured by or with the acquiescence of the government if they return to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009). Accordingly, petitioners' CAT claims fail.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**